OPINION
Defendants-appellants Frank N. Kautzmann, III (hereinafter "Son") and Realdata, Inc., appeal the July 28, 1998 Judgment Entry of the Delaware County Court of Common Pleas which granted plaintiff-appellee Frank N. Kautzmann's (hereinafter "Father") motion for summary judgment.
 STATEMENT OF THE CASE AND FACTS
This case arises out of a dispute regarding the repayment of two loans from Father to Son. Son was going through a divorce and was experiencing financial difficulties. He asked Father to loan him $20,000 and Father agreed. Son promised to pay the sum back within one year and agreed to give Father an additional $10,000 for the inconvenience. Son characterized this extra $10,000 as a return on an investment. As a result of this arrangement, Son signed a promissory note payable to Father. The promissory note is attached to the complaint and the terms are not in dispute. The promissory note states Son and Realdata, Inc. promise to pay the sum of $30,000 to Father in monthly installments of $2,500 per month until the amount is paid in full. The interest rate was stated as "[z]ero" percent. The promissory note also provided for 8% interest upon default. After Father made the loan secured by the promissory note, Son asked Father for an additional $10,000 personal loan. Father agreed and gave Son $10,000. Father did not require a second promissory note for this loan. Although there is no specific information, there is no indication of an applicable interest rate upon default of the personal loan. Both parties agree that Son eventually stopped making payments on the outstanding debt to his Father. A dispute arose over repayment, and Father filed suit on April 18, 1997, in an effort to collect the unpaid balance on the loans. The complaint contained two claims; the first for the balance due on the promissory note and the second for the balance due on the personal loan. On June 9, 1998, Father filed his Motion for Summary Judgment, affidavit in support, and supporting documentation. Father's affidavit states he is the payee, holder, and owner of the promissory note dated July 10, 1996. Further, Father states Son has paid a total of $12,070 toward the amount due on the promissory note, leaving a balance of $17,930. Father's affidavit does not mention the second personal loan of $10,000, which is the subject of the second claim in the complaint. Son filed his motion in opposition to summary judgment and affidavit on July 9, 1998. In his affidavit, Son acknowledges an outstanding debt on the promissory note, but disagrees with the amount Father claims is due. Son asserts he has paid over $22,000 toward the promissory note, leaving the balance on the promissory note at approximately $8,000. Presumably Son would still owe $10,000 on the personal loan, although Son's affidavit is not clear on this point. On July 28, 1998, the trial court filed its judgment entry granting Father's motion for summary judgment. Son appealed the trial court's ruling and in a May 18, 1999 Judgment Entry, this Court dismissed the appeal for lack of a final appealable order. The matter was remanded to the trial court. In an October 13, 1999 Judgment Entry Nunc Pro Tunc, the trial court granted summary judgment in favor of Father on both claims of the complaint. It is from this judgment entry appellant prosecutes this appeal assigning the following as error:
 I. THE TRIAL COURT ERRONEOUSLY GRANTED PLAINTIFF-APPELLEE'S MOTION FOR SUMMARY JUDGMENT AS THERE EXIST GENUINE ISSUES OF MATERIAL FACT ON WHICH REASONABLE MINDS COULD REACH DIFFERENT CONCLUSIONS.
 II. THE TRIAL COURT FAILED TO CONSIDER DEFENDANT-APPELLANT'S DEFENSE OF USURY AS PLEAD IN APPELLANT'S ANSWER AND AS SUPPORTED IN THE RULE 56 AFFIDAVITS FILED WITH THE COURT.
III. THE TRIAL COURT IMPROPERLY CONSIDERED EVIDENCE WHICH WAS NOT WITHIN THE SCOPE OF EVIDENCE ALLOWED UNDER OHIO CIVIL RULE 56.
 IV. THE TRIAL COURT IMPROPERLY ORDERED INTEREST AT THE RATE OF 10% PER ANNUM DESPITE A SPECIFIC RATE OF INTEREST HAVING BEEN DESIGNED IN THE PROMISSORY NOTE.
We note both parties refiled the same briefs as used in the previous appeal.
 Standard of Review
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. Civ.R. 56(C) states, in pertinent part: Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280. It is based upon this standard we review appellant's assignment of error. This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part: (E) Determination and judgment on appeal. The appeal will be determined as provided by App.R.11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule.
 I.
In his first assignment of error appellant maintains the trial court improperly granted summary judgment given the contradictory evidence as to the nature and circumstances surrounding the interest rate on the loan. We disagree. The promissory note, which was attached to the complaint, states in pertinent part: $30,000 Promissory Note July 10, 1996
FOR VALUE RECEIVED, undersigned, jointly and severally if more than one, promise to pay to the order of [Father] * * * the principal sum of THIRTY THOUSAND DOLLARS ($30,000) with interest at the rate of Zero percent (0%) per annum. * * *
* * *
Upon default in payment of any installments * * * this note shall, at the option of the holder hereof, bear interest thereafter at the rate of Eight (8.00%) per cent per annum. * * *
The note has two makers, Realdata, Inc., signed by Son, its President, and Son as an individual. The parties do not dispute Son defaulted on the promissory note. Son urges this Court to apply R.C. 1343.01(A), the usury statute, which provides, in pertinent part: (A) The parties to a bond, bill, promissory note, or other instrument of writing for the forbearance or payment of money at any future time, may stipulate therein for the payment of interest upon the amount thereof at any rate not exceeding eight percent per annum payable annually, except as authorized in division (B) of this section.
The terms of the above quoted promissory note state explicitly that no interest would apply to the sum of $30,000. Even if the 8% rate, which would become applicable upon default, effected the amount to be paid back, the statute does not apply unless interest exceeds 8%. Accordingly, we find R.C. 1343.01 inapplicable to the instant matter. Appellant's first assignment of error is overruled.
 II.
In his second assignment of error Son argues the trial court failed to consider his defense of usury as pled in his answer when ruling on Father's motion for summary judgment. For the same reasons as contained in our analysis of appellant's first assignment of error, this portion of Son's second assignment of error is also overruled. In his second argument under assignment of error two, Son argues the trial court erred in granting the motion for summary judgment when the affidavits of the parties contradicted each other as to the amount of money which had been repaid. In order to show the absence of any genuine issue of material fact as to the repayment, Father points to his own affidavit which states Son has paid $12,070 toward the $30,000 debt. Son's affidavit rebuts this by stating Son has paid in excess of $22,000 toward the $30,000 promissory note. Father's motion for summary judgment asked for judgment only on the promissory note, stating Son had fully repaid his obligation on the second loan for $10,000. While the second loan for $10,000 was the subject of the second claim of Father's complaint, Father's affidavit addresses only the amount due on the promissory note. In his response to Father's motion for summary judgment, Son acknowledges an outstanding debt on the promissory note, but disagrees with the amount of the debt attributable to the promissory note. It appears from the affidavit both Father and Son agree with the amount of money Son has repaid on the total debt, but disagree as to where Father applied the money. In his affidavit, Son states: 2. * * * The terms of the note were for a $30,000 loan in total which was stated as all principle with zero (0) interest to be paid by myself * * * The actual amount of funds that I received from the loan was $20,000. * * * 4. This brought the total amount of funds actually loaned to me by my father to me in the amount of $30,000. Of that original loan of $30,000, I have paid off in excess of $22,000 as of the date of execution of the affidavit. (Emphasis added). Appellant's Affidavit. In its October 13, 1999 Judgment Entry, the trial court stated: IT IS THEREFORE ORDERED ADJUDGED and DECREED that plaintiff — [Father] shall be and he hereby is granted judgment in his favor and against the defendants, [Son] and REALDATA, Inc. in the sum of $17, 930.00 together with interest thereon at the rate of 8% from November 8, 1996 to July 9, 1998 and with interest at the statutory rate of 10% per annum from July 10, 1998 and thereafter on [Father's] first claim. [Father's] second claim, having been satisfied, is hereby dismissed.
We find the trial court erred in its determination appellant's second claim had been satisfied. When construing the 56(C) evidence in a light most favorable to the non-moving party, Son's affidavit creates a genuine issue of material fact as to which loan his payments were applied. Specifically, the language, "Of that original loan of $30,000, I have paid in excess of $22,000," when construed most strongly in Son's favor, indicates the payments were made to the promissory note and not to the personal loan. We agree with the trial court Son agreed to repay a total of $40,000 for both loans and we agree Son, at the time of the motion for summary judgment, had paid $22,070 toward that debt. Accordingly, we agree with the trial court Son owes Father $17,930 plus interest. The question becomes, what is the appropriate interest? As we stated in footnote one of our May 18, 1999 Opinion: Though not necessary for our resolution of this appeal, we find a genuine issue of material fact remains in dispute as to the amount appellant paid towards the promissory note. We agree with appellant the letters submitted by appellee with his memorandum in support of summary judgment were not yet properly authenticated, and therefore should not have been considered in resolving to which debt appellant's payments should be credited. This issue was important then, as it is now, to the resolution of the amount of interest to be applied to the outstanding debt. Default on the promissory note subjected Son to a 8% interest penalty on the amount in default. The $10,000 personal loan which was the subject of the second claim of the complaint contained no interest terms upon default. If the entire amount paid had been credited toward the promissory note, only $7,930 would be subject to the 8% interest penalty on default. ($30,000 — $22,070 = 7,930). However, if as the trial court concluded below, the first $10,000 Son paid to father was applied to the personal loan, Son is responsible for an 8% penalty on $17,930 ($30,000 — $12,070 = $17,930). Because we find a genuine issue of material fact exists regarding the amount credited to each loan, we find the trial court erred in granting summary judgment in favor of Father. Appellant's second assignment of error is sustained.
 III.
Appellant's third assignment of error maintains the trial court improperly considered the letters attached to Father's motion for summary judgment. We agree. While the letters were illuminating to the facts at issue in the case, the letters were not authenticated through Father's affidavit. Accordingly, the letters were not properly reviewed pursuant to Civ.R. 56(C). For this reason, appellant's third assignment of error is sustained.
 IV.
Finally, in Son's fourth assignment of error, Son asserts the trial court improperly ordered interest at the rate of 10% per annum despite a specific rate of interest being designated in the promissory note. We disagree. The trial court imposed the legal rate of interest from the date of judgment forward, not from the date of default to the date of judgment. We see no error in the imposition of legal interest from the date of judgment. Son's fourth assignment of error is overruled. The October 13, 1999 Judgment Entry of the Delaware County Court of Common Pleas is reversed. The matter is remanded for further proceeding consistent with this opinion and law.
WISE, P.J. and EDWARDS, J. CONCUR.